UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ,<br><br>                Plaintiff,<br><br>        v.<br><br>MORRIS-SHEA BRIDGE COMPANY,<br><br>                Defendant. | Case No.  1:24-cv-00723-JLT-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING (1) PLAINTIFF'S OBJECTIONS TO REMOVAL; AND (2) DEFENDANT MORRIS-SHEA BRIDGE COMPANY, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>(Docs. 7, 8) |

Sergio Alvarez seeks damages against Morris-Shea Bridge Company, Inc. for alleged retaliation. (*See generally* Doc. 1-3.) Morris-Shea removed the action from Fresno County Superior Court based on diversity of citizenship. (Doc. 1.) Plaintiff objected to removal. (Doc. 7.) Before the Court are Plaintiff's objections to removal and Morris-Shea's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 8.) The motion to dismiss was referred to the undersigned for preparation of findings and recommendations. (Doc. 9.) The Court found the motion suitable for decision without oral argument pursuant to Local Rule 230, and vacated the hearing. (Doc. 12.)

For the reasons set forth below, the Court recommends (1) Plaintiff's objections to removal be overruled and, as construed, Plaintiff's motion for remand be denied, and (2) Morris-Shea's motion to dismiss be granted with leave to amend.

///

1

**I.   BACKGROUND AND ALLEGATIONS**

On May 17, 2024, Plaintiff filed a civil action in Fresno County Superior Court against Morris-Shea, seeking damages in the amount of $120,000.  (Doc. 1-3, Compl. at 6.)  Plaintiff alleged: "It was a ratalition [sic] and there a file on the labor Commission."  (*Id.*)  In the attached civil cover sheet, Plaintiff described the case as one for "Other PI/PD/WD [Personal Injury/Property Damage/Wrongful Death]."  (*Id.* at 2.)

On June 21, 2024, Morris-Shea removed the action to this Court based on diversity jurisdiction.  (Doc. 1 at 2-3.)  Plaintiff filed objections to removal on June 24, 2024, (Doc. 7), to which Morris-Shea responded, (Doc. 10).

Morris-Shea filed the instant motion to dismiss on June 26, 2024, asserting that Plaintiff's complaint fails to state facts sufficient to establish any claim upon which relief can be granted.  (Doc. 8.)  Plaintiff filed an opposition to the motion to dismiss on July 9, 2024.  (Doc. 13.)  Morris-Shea did not file a reply.

**II.   PLAINTIFF'S OBJECTIONS TO REMOVAL**

Plaintiff objects to removal.  He states as follows:

> I Object to this case because I never file this case and I file it at State Court and I want it in stay in State Court  I file this in State Court for retalation and Morris Shea came out that they laid me off because of lack of work and I got proof that they got more guys and this case in also in labor Commission office this company is just trying to laid about everything and not showing proof – and I never got serve to change to Federal Court.

(Doc. 7) (unedited text).

A motion to remand is the proper procedure for challenging removal.  *See Nelson v. Foster Poultry Farms,* No. 1:21-CV-222-JLT-BAM, 2023 WL 8600065, at *2 (E.D. Cal. Dec. 12, 2023). As Plaintiff is proceeding pro se, the Court construes Plaintiff's objections as a motion to remand. A plaintiff may move to remand a case to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. *Id.* (citing 28 U.S.C. § 1447(c)).  The party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction.  *Id.*

///

2

1. <u>Plaintiff does not dispute the district court's jurisdiction.</u>

Under 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1). As indicated in Morris-Shea's Notice of Removal, Plaintiff is a citizen of California and Morris-Shea is an Alabama corporation with its principal place of business in Alabama. (Doc. 1 at 2). Plaintiff's complaint seeks $120,000 in damages. (Compl. at 6.) Plaintiff does not dispute that there is complete diversity of citizenship between the parties or that the amount in controversy exceeds $75,000. The district court therefore has diversity jurisdiction over this matter.

To the extent Plaintiff's objections may be read to suggest that a separate Labor Commission proceeding against Morris-Shea divests the district court of jurisdiction, Plaintiff cites no authority supporting such a proposition.

2. <u>Plaintiff does not identify any procedural defect warranting remand.</u>

Plaintiff appears to object to removal on procedural grounds, asserting that he "never got serve to change to Federal Court." (Doc. 7.) However, the record reflects that Morris-Shea filed the Notice of Removal on June 21, 2024, and served it on Plaintiff by mail on the same date. (Docs. 1, 1-5.) Plaintiff does not identify any other procedural defect or otherwise suggest that the Notice of Removal was untimely.

For these reasons, the Court recommends that Plaintiff's objections to removal be overruled and, as construed, Plaintiff's motion to remand be denied.

**III.  MOTION TO DISMISS**

   **A.  Legal Standard**

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Id.* (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (2009).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

To the extent pleading deficiencies can be cured by the plaintiff alleging additional facts, leave to amend should be granted. *Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## B. Discussion and Analysis

Morris-Shea asserts that the complaint fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).  To that end, Morris-Shea contends that Plaintiff's complaint fails to state facts upon which relief can be granted.  Morris-Shea further contends that Plaintiff does not allege how Morris-Shea was involved in any alleged injury, property damage, or death. Morris-Shea avers that it is not on notice of what it has been sued for.  (Doc. 8-1 at 6.)

Additionally, Morris-Shea argues that to the extent Plaintiff intends to sue for retaliation either under the Fair Employment and Housing Act or California Labor Code § 1102.5, Plaintiff's solitary sentence does not allege that he engaged in any protected activity or suffered any adverse employment action.  Morris-Shea also argues that Plaintiff does not allege how he was damaged or how Morris-Shea was involved in any potential damages.  (Doc. 8-1 at 6-7.)

///

///

In his opposition to the motion to dismiss, Plaintiff states, in part, as follows:

> I think it should stay in State Court cause the labor commission is inventing this case because the company claims to laid me off because of lack of work and you guys have the proof that they hire 6 more people after they laid me off this company laid to the labor Commission and the court I want a court date with them so could confirm what I telling you guys and there is another case that they trying to dismiss for fraud in federal court and evidence is turn in I would for guys to look in too it and be fair with me I could not get a attorney because it been a long time that the labor commission took with this cases and they still working on them.

(Doc. 13) (unedited text).

Having considered the complaint, and the parties' arguments, the Court agrees that Morris-Shea's motion to dismiss should be granted. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation omitted). As previously noted, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Plaintiff's complaint is short, but it is not a plain statement of his claims in compliance with the pleading requirements of Rule 8. Instead, it is a single sentence: "It was a ratalition and there a file on the labor Commission." (Doc. 1-3 at 6.) This statement is insufficient to state a claim for relief that is plausible on its face. As a basic matter, it fails to include sufficient factual allegations clearly identifying what happened, when it happened, or who was involved. Further, the nature of Plaintiff's "retaliation" claim is unclear.

To the extent Plaintiff is attempting to assert new allegations in his opposition, the Court declines to consider them. "In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court 'may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" *Stewart v. Ponce*, No. 2:22-CV-00285-CKD P, 2023 WL 4686614, at *1 (E.D. Cal. July 21, 2023) (quoting *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007). Plaintiff's new allegations are not contained in the complaint, in exhibits attached to the complaint, or properly subject to

5

judicial notice.

Morris-Shea argues that the Court should dismiss Plaintiff's complaint without leave to amend because amendment would be futile. To support this argument, Morris-Shea reasons that the Court has already dismissed Plaintiff's previous complaint for fraud (in a separate action) and provided Plaintiff with leave to amend, but instead of amending, Plaintiff filed the instant action, which suffers similar pleading defects. (Doc. 8-1 at 7.) The Court does not find this reasoning persuasive. Plaintiff has not been granted an opportunity to cure the pleading defects in this case.

In light of Plaintiff's pro se status, it will be recommended that Morris-Shea's motion to dismiss be granted with leave to amend. Although the complaint contains pleading deficiencies, it is not "absolutely clear" that amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (citation omitted).

**IV.    CONCLUSION AND RECOMMENDATION**

For the reasons stated, it is HEREBY RECOMMENDED as follows:

1. Plaintiff's objections to removal be overruled and, as construed, Plaintiff's motion to remand be denied (Doc. 7).
2. Morris-Shea's motion to dismiss (Doc. 8) be granted.
3. Plaintiff's complaint be dismissed without prejudice and with leave to amend.


These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing

*Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 5, 2024**                    /s/ *Barbara A. McAuliffe*
                                                               UNITED STATES MAGISTRATE JUDGE