UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ,<br><br>    Plaintiff,<br><br> v.<br><br>MORRIS SHEA BRIDGE COMPANY,<br><br>    Defendant. | No.  1:24-cv-00723-JLT-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OF MAGISTRATE JUDGE<br><br>(Doc. 21) |

Plaintiff Sergio Alvarez seeks damages against Defendant Morris-Shea Bridge Company, Inc. for alleged retaliation.  (*See generally* Doc. 1-3.)  Morris-Shea removed the action from Fresno County Superior Court based on diversity of citizenship.  (Doc. 1.)  Plaintiff objected to removal.  (Doc. 7.)  On June 26, 2024, Morris-Shea filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 8.)  The motion was referred to the undersigned Magistrate Judge for preparation of findings and recommendations.  (Doc. 9.)

On August 5, 2024, the undersigned Magistrate Judge issued Findings and Recommendations that recommended (1) Plaintiff's objections to removal be overruled and, as construed, Plaintiff's motion for remand be denied, (2) Morris-Shea's motion to dismiss be granted, and (3) Plaintiff's Complaint be dismissed without prejudice and with leave to amend.  (Doc. 15.)  On August 27, 2024, the district court adopted the Findings and Recommendations, overruled Plaintiff's objections to removal, denied Plaintiff's motion to remand, granted Morris-

1

1  Shea's motion to dismiss, and dismissed Plaintiff's complaint without prejudice and with leave to
2  amend.  (Doc. 19.)  Plaintiff filed his First Amended Complaint on August 29, 2024.  (Doc. 20.)
3         Currently before the Court is Plaintiff's motion for a new judge filed on August 30, 2024.
4  (Doc. 21.)  In his motion, Plaintiff asks for a new judge because he believes "this Judge is being
5  prejudice" and is "taking the defendant side and not really [seeing] all the evidence and
6  situation."  (*Id.* at 1.)  Plaintiff also feels that he is "not getting treated fairly."  (*Id.*)
7         A magistrate judge must disqualify herself if her "impartiality might be reasonably," 28
8  U.S.C. § 455(a), or if she "has a personal bias or prejudice concerning a party, or personal
9  knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1).
10 "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support
11 recusal."  *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing *Liteky v. United*
12 *States*, 510 U.S. 540, 555 (1994)).  The objective test for determining whether recusal is required
13 is whether a reasonable person with knowledge of all the facts would conclude that the judge's
14 impartiality might reasonably be questioned.  *Johnson*, 610 F.3d at 1147 (quotation marks and
15 citation omitted).  "Adverse findings do not equate to bias."  *Johnson*, 610 F.3d at 1147.
16        While it is unclear if Plaintiff seeks a new magistrate judge, a new district judge, or both,
17 Plaintiff is informed that a motion to disqualify a judge must be decided by the judge whose
18 impartiality is being questioned.  *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (citing *United*
19 *States v. Sibla*, 624 F.2d 868, 868 (9th Cir. 1980)).  To the extent Plaintiff seeks disqualification
20 of the assigned magistrate judge, the undersigned will address Plaintiff's motion.
21        Plaintiff's statements are not sufficient to demonstrate personal bias or prejudice by the
22 undersigned.  Plaintiff's unspecified allegations regarding the undersigned's prejudice, with no
23 explanation, cannot support a finding that the undersigned holds any personal bias or prejudice
24 concerning Plaintiff or any other party.  Plaintiff's assertions of prejudice or unfairness appear to
25 be premised on judicial rulings in this action.  However, judicial rulings, in and of themselves, do
26 not constitute bias or partiality.  *See Johnson*, 610 F.3d at 1147; *Liteky*, 510 U.S. at 555
27 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").
28 Plaintiff's conclusory statements and allegations are insufficient to establish that the

undersigned's impartiality might reasonably be questioned or to establish that a personal bias or prejudice exists. Accordingly, Plaintiff's motion for recusal of the magistrate judge (Doc. 21) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **September 16, 2024**         /s/ Barbara A. McAuliffe         
                                      UNITED STATES MAGISTRATE JUDGE