# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ,<br><br>       Plaintiff,<br><br>    v.<br><br>MORRIS SHEA BRIDGE COMPANY,<br><br>       Defendant. | No. 1:24-cv-00723 JLT BAM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER DENYING MOTION TO RECUSE<br><br>(Doc. 24) |

Sergio Alvarez seeks damages against Morris-Shea Bridge Company, Inc. for alleged retaliation. (*See generally* Doc. 1-3.) Morris-Shea removed the action from Fresno County Superior Court based on diversity of citizenship. (Doc. 1.) Plaintiff objected to removal. (Doc. 7.) Morris-Shea filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 8.) The Court referred the motion to the Magistrate Judge for preparation of findings and recommendations. (Doc. 9.)

The Magistrate Judge issued Findings and Recommendations that recommended that: (1) Plaintiff's objections to removal be overruled and, as construed, Plaintiff's motion for remand be denied, (2) Morris-Shea's motion to dismiss be granted, and (3) Plaintiff's Complaint be dismissed without prejudice and with leave to amend. (Doc. 15.) The Court adopted the Findings and Recommendations, overruled Plaintiff's objections to removal, denied Plaintiff's motion to remand, granted Morris Shea's motion to dismiss, and dismissed Plaintiff's complaint without

1

prejudice and with leave to amend. (Doc. 19.) Plaintiff timely filed his First Amended Complaint. (Doc. 20.)

Plaintiff then filed a motion for recusal of the judge. (Doc. 21.) The magistrate judge construed that motion as a request to recuse herself and denied that motion. (Doc. 23.) The magistrate judge reasoned:

> A magistrate judge must disqualify herself if her "impartiality might be reasonably," 28 U.S.C. § 455(a), or if she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Johnson, 610 F.3d at 1147 (quotation marks and citation omitted). "Adverse findings do not equate to bias." *Johnson*, 610 F.3d at 1147.
>
> \*\*\*
>
> Plaintiff's statements are not sufficient to demonstrate personal bias or prejudice by the undersigned. Plaintiff's unspecified allegations regarding the undersigned's prejudice, with no explanation, cannot support a finding that the undersigned holds any personal bias or prejudice concerning Plaintiff or any other party. Plaintiff's assertions of prejudice or unfairness appear to be premised on judicial rulings in this action. However, judicial rulings, in and of themselves, do not constitute bias or partiality. *See Johnson*, 610 F.3d at 1147; *Liteky*, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Plaintiff's conclusory statements and allegations are insufficient to establish that the undersigned's impartiality might reasonably be questioned or to establish that a personal bias or prejudice exists.

(Doc. 23 at 2–3.)

Plaintiff then filed a document titled "appeal" that renewed his request for a different judge to be assigned to his case. (Doc. 24.) The Court interprets this as a request under Local Rule 303(c) for reconsideration by the undersigned of the magistrate judge's denial of the request for recusal. To prevail on such a motion, Plaintiff must show that the magistrate judge's decision was "clearly erroneous or contrary to law." Local Rule 303(f); 28 U.S.C. § 636(b)(1)(A); *Latronica v. Lynch*, No. 1:16-CV-01352-LJO-SAB, 2016 WL 10654059, at \*1 (E.D. Cal. Dec. 15, 2016).

Plaintiff fails to meet this burden. The magistrate judge set forth the correct standards of law, including the rule that generally requires as a basis for recusal something other than the rulings of the challenged judge. Plaintiff has not pointed to any such basis. Thus, the request for reconsideration is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 2, 2024**                                    /s/ Jennifer L. Thurston
                                                                UNITED STATES DISTRICT JUDGE