# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MORRIS SHEA BRIDGE COMPANY,<br><br>　　　　Defendant. | No. 1:24-cv-00723 JLT BAM<br><br>ORDER DENYING SECOND MOTION TO RECUSE<br><br>(Doc. 37) |

Sergio Alvarez seeks damages against Morris-Shea Bridge Company, Inc. for alleged retaliation. (*See generally* Doc. 1-3.) Morris-Shea removed the action from Fresno County Superior Court based on diversity of citizenship. (Doc. 1.)

On August 30, 2024, Plaintiff filed a motion for recusal of the assigned judge. (Doc. 21.) The magistrate judge construed that motion as a request to recuse herself and denied that motion. (Doc. 23.) The magistrate judge reasoned:

> A magistrate judge must disqualify herself if her "impartiality might be reasonably," 28 U.S.C. § 455(a), or if she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Johnson, 610

> F.3d at 1147 (quotation marks and citation omitted). "Adverse findings do not equate to bias." *Johnson*, 610 F.3d at 1147.
>
> ***
>
> Plaintiff's statements are not sufficient to demonstrate personal bias or prejudice by the undersigned. Plaintiff's unspecified allegations regarding the undersigned's prejudice, with no explanation, cannot support a finding that the undersigned holds any personal bias or prejudice concerning Plaintiff or any other party. Plaintiff's assertions of prejudice or unfairness appear to be premised on judicial rulings in this action. However, judicial rulings, in and of themselves, do not constitute bias or partiality. *See Johnson*, 610 F.3d at 1147; *Liteky*, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Plaintiff's conclusory statements and allegations are insufficient to establish that the undersigned's impartiality might reasonably be questioned or to establish that a personal bias or prejudice exists.

(Doc. 23 at 2–3.) Plaintiff then filed a document titled "appeal" that renewed his request for a different judge to be assigned to his case. (Doc. 24.) The Court interpreted this as a request under Local Rule 303(c) for reconsideration, which was denied by written order issued October 2, 2024 (Doc. 25.)

On November 22, 2024, Plaintiff filed another request to change the assigned judge because "she doesn't want [any]one to tell her she is doing her job wrong." (Doc. 37.) Though it remains unclear which assigned judge(s) Plaintiff is challenging, the request is without merit, as it again seeks recusal based only upon adverse judicial rulings. For this reason, the motion is **DENIED**. Plaintiff is warned that further motions of this nature will be summarily denied or disregarded. He is further warned that, even though he is proceeding pro se, multiplying the proceedings by filing repetitive, meritless motions may be grounds for the imposition of sanctions, which may include monetary, evidentiary, or terminating sanctions.

IT IS SO ORDERED.

Dated:   **November 24, 2024**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

2