1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

SERGIO ALVAREZ,

Case No.  1:24-cv-00723-JLT-BAM

12

Plaintiff,

**FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT MORRIS-SHEA BRIDGE COMPANY, INC.'S MOTION TO DISMISS PLAINTIFF SERGIO ALVAREZ'S FIRST AMENDED COMPLAINT**

13

v.

14

MORRIS-SHEA BRIDGE COMPANY,

15

Defendant.

(Doc. 22)

16
17

Sergio Alvarez seeks damages against Morris-Shea Bridge Company, Inc. for alleged

18

retaliation.  (*See generally* Doc. 1-3.)  Currently before the Court is Morris-Shea's motion to

19

dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure

20

12(b)(6).  (Doc. 22.)  The motion to dismiss was referred to the undersigned for preparation of

21

findings and recommendations.  (Doc. 26.)  The Court found the motion suitable for decision

22

without oral argument pursuant to Local Rule 230, and vacated the hearing.  (Doc. 27.)

23

For the reasons set forth below, the Court recommends Morris-Shea's motion to dismiss

24

the First Amended Complaint be granted without leave to amend.

25

**I.        BACKGROUND AND ALLEGATIONS**

26

On May 17, 2024, Plaintiff filed a civil action in Fresno County Superior Court against

27

Morris-Shea, seeking damages in the amount of $120,000.  (Doc. 1-3, Compl. at 6.)  Plaintiff

28

alleged:  "It was a ratalition [sic] and there a file on the labor Commission."  (*Id.*)  In the attached

1

civil cover sheet, Plaintiff described the case as one for "Other PI/PD/WD [Personal

Injury/Property Damage/Wrongful Death]."  (*Id.* at 2.)  Morris-Shea removed the action to this

Court based on diversity jurisdiction.  (Doc. 1 at 2-3.)

On June 26, 2024, Morris-Shea filed a motion to dismiss the Complaint, asserting that the

Complaint failed to state facts sufficient to establish any claim upon which relief could be

granted.  (Doc. 8.)  On August 27, 2024, the Court granted the motion to dismiss and dismissed

Plaintiff's Complaint without prejudice and with leave to amend.  (Doc. 19.)

Plaintiff filed his First Amended Complaint ("FAC") on August 29, 2024.  (Doc. 20.)  In

the FAC, Plaintiff alleges as follows:

> I have concern about you trying to dismiss this case because defendant trying to
> say I did not respond to the 14 days I always respond the next day that I get your
> letters and issue diversity so why is the labor Commission [investigating] this case
> and I would like to see what evidence you seeing or going off on case to [dismiss]
> it Because[e] the labor Commission been working on this case for over 2 years
> and I turn all the evidence that I gave you:  if there no problem they would have
> close this case and they told me to them to court and now the court is making it
> hard for me to get a court date and I have show the evidence and they have not.  I
> am not afraid to talk you with them present because I know they are and don't
> have no proof or evidence to back [their] story.  I would appreciate that you make
> the right decision because all they want is to dismiss it.

(*Id.*)

On September 13, 2024, Morris-Shea filed the instant motion to dismiss the FAC for

failure to state a claim upon which relief can be granted.[1]  (Doc. 22.)  Morris-Shea contends that

the FAC does not aver any cognizable legal theory or facts and it does not plainly state how

Morris-Shea's alleged actions constitute a legal violation entitling Plaintiff to relief.  (Doc. 22-1

at 4.)

Plaintiff did not file a timely opposition to the motion to dismiss.  The Court therefore

issued an order for Plaintiff to show cause why the motion should not be granted, and the action

dismissed with prejudice.  The Court instructed Plaintiff that he could comply with the Order by

filing an opposition or statement of non-opposition to Morris-Shea's motion to dismiss.  (Doc.

---

[1] On October 11, 2024, the Court instructed Morris-Shea to file proof of service of the motion to dismiss.
(Doc. 31.)  On October 14, 2024, Morris-Shea filed a certificate/proof of service indicating that Plaintiff
had been served with the motion to dismiss by U.S. Mail on October 14, 2024.  (Doc. 32.)

1   33.)  Plaintiff filed a response to the show cause order on November 13, 2024.  (Doc. 34.)  Based

2   on the response, the Court discharged the Order to Show Cause and directed Plaintiff to file an

3   opposition to the motion to dismiss no later than December 2, 2024.  (Doc. 35.)

4         On November 22, 2024, Plaintiff filed an opposition to the motion to dismiss.  (Doc. 38.)

5   Morris-Shea replied on November 27, 2024.  (Doc. 40.)

6         **II.      MOTION TO DISMISS**

7                  **A.  Legal Standard**

8         A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro*

9   *v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is appropriate when

10   "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal

11   theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

12         "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

13   accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

14   U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is

15   facially plausible when it "allows the court to draw the reasonable inference that the defendant is

16   liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The sheer possibility that a defendant

17   acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the

18   plausibility standard.  *Id.* (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962,

19   969 (2009).  While a plaintiff's allegations are taken as true, courts "are not required to indulge

20   unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009)

21   (internal quotation marks and citation omitted).

22         In general, pro se complaints are held to less stringent standards than formal pleadings

23   drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court need not

24   assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel.*

25   *Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

26         To the extent pleading deficiencies can be cured by the plaintiff alleging additional facts,

27   leave to amend should be granted. *Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv.*

28   *Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

1    **B.  Discussion and Analysis**

2         Morris-Shea argues that the FAC fails to state facts upon which relief can be granted in

3    compliance with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).  To that

4    end, Morris-Shea contends that the FAC does not articulate any legal claim or aver any

5    underlying facts.  Morris-Shea asserts that Plaintiff only makes a conclusory assertion that the

6    case should not be dismissed.  Morris-Shea further contends that it is not on notice of what it has

7    been sued for.  (Doc. 22-1 at 5.)

8         In his opposition, labelled "Objection," Plaintiff states:

9         I want the Judge to take in consideration the evidence I turn in to the Court and
          she not I have not seen the Judge ask the defendant to provide evidence or
10        anything to the Court and I would like the Judge to keep the hearing date for Dec
          19 so I could show what I mean and there a case against Morris Shea on the Labor
11        Commission and there witnesses on this case.  Please make a fair decision on this
          and not just favor the defendant attorneys just because they could afford the
12        attorney and I could not.  Just they move this case to federal and I file state court
          it seems the [ ] state court would make a better [decision].
13

14   (Doc. 38.)

15        Morris-Shea replies that Plaintiff's opposition offers no material law or facts to clarify

16   what this lawsuit is about.  Morris-Shea argues that Plaintiff instead makes conclusory references

17   to evidence he turned in to the Court and a Labor Commission, which do not indicate a

18   cognizable theory.  Morris-Shea further argues that because Plaintiff fails to state in plain

19   language what this case is about in his FAC, it should be dismissed.  (Doc. 40 at 4.)

20        Having considered the FAC, and the parties' arguments, the Court agrees that Morris-

21   Shea's motion to dismiss should be granted.  Pursuant to Rule 8 of the Federal Rules of Civil

22   Procedure, a complaint must contain "a short and plain statement of the claim showing that the

23   pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but

24   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

25   statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation omitted). As previously noted,

26   Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

27   plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570).

28        Plaintiff's FAC is short, but it is not a plain statement of his claims.  As with his original

4

complaint, the FAC fails to include sufficient factual allegations identifying what happened, when it happened, or who was involved.  The FAC fails to clearly identify Morris-Shea's alleged actions and how those actions constitute a legal violation entitling Plaintiff to relief.  The nature of Plaintiff's claim(s) against Morris-Shea remains unclear.  Plaintiff's opposition to the motion to dismiss similarly fails to clarify the nature of this action.  It offers no additional facts or legal theories to support a claim.

Morris-Shea argues that the Court should dismiss Plaintiff's complaint without leave to amend.  To support this argument, Morris-Shea reasons that Plaintiff has been provided opportunities to amend, but his continued inability to plead any proper action demonstrates that amendment would be futile.  (Doc. 40 at 4.)

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend should be freely given "when justice so requires," and courts are guided by "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (alterations and internal quotation marks omitted). The Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted).

In this instance, despite being provided with the Rule 8 pleading standard, a prior opportunity to amend his complaint, and an additional opportunity to identify the facts and legal theories underlying this action, Plaintiff has been unable to state a cognizable claim.  The Court therefore concludes that further leave to amend is not warranted. *Id.*

## III.    CONCLUSION AND RECOMMENDATION

For the reasons stated, it is HEREBY RECOMMENDED as follows:

1.  Morris-Shea's motion to dismiss Plaintiff's First Amended Complaint (Doc. 22) be granted.

2.  Plaintiff's First Amended Complaint be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

**fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 4, 2024**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE

6