UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MORRIS-SHEA BRIDGE COMPANY,<br><br>    Defendant. | Case No.: 1:24-cv-0723 JLT BAM<br><br>ORDER ADOPTING IN PART THE FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>(Docs. 22, 41)<br><br>ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT WITHIN 30 DAYS |

Sergio Alvarez seeks to hold Morris-Shea Bridge Company liable, suggesting the company retaliated against him. (*See* Docs. 1-3, 20.) Defendant moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting Plaintiff "fails to state facts sufficient to establish any claim upon which relief can be granted." (Doc. 22 at 2.)

The magistrate judge found Plaintiff failed "to include sufficient factual allegations identifying what happened, when it happened, or who was involved." (Doc. 41 at 5.) In addition, the magistrate judge determined Plaintiff failed to identify Defendant's "alleged actions and how those actions constitute a legal violation entitling Plaintiff to relief." (*Id.*) The magistrate judge observed that the Court previously provided its pleading standards, "a prior opportunity to amend his complaint, and an additional opportunity to identify the facts and legal theories underlying this action." (*Id.* at 6.) Because Plaintiff failed to state a cognizable claim, the magistrate judge determined "further leave to

1

amend is not warranted." (*Id.*)  The magistrate judge recommended the Court grant the motion to dismiss and dismiss the amended complaint with prejudice. (*Id.*)

Plaintiff filed objections to the Findings and Recommendations, in which he contends that he was "laid off" by Defendant "because they had to pay late penalties [to] everyone because [their] checks were late." (Doc. 44 at 1.)  Plaintiff asserts that a supervisor, Chris, said at a meeting that Defendant "paid a lot of money." (*Id.*)  He alleges someone said that Plaintiff "was the one that started everything" and he was laid off two weeks later. (*Id.*)  Plaintiff reports that he filed a complaint with the Labor Commissioner two weeks after he was fired, and he has "been turning in evidence from witnesses there working with [him]." (*Id.*)  Plaintiff asserts that he was hoping the Court would "look at the real true [case] and not bs without no evidence or witnesses." (*Id.*)  The new allegations Plaintiff makes do not undermine the findings of the magistrate judge related to the pleading deficiencies of the amended complaint.  *See Ajaelo v. Carrillo*, 2022 WL 35659, at *3 (S.D. Cal. Jan. 3, 2022) ("The new allegations and documents submitted by Plaintiff with [the] Objections are not a substitute for factual allegations in the Complaint.").  Moreover, Plaintiff does not identify any specific information regarding what occurred or when, or who specifically was involved in his termination.  Thus, Plaintiff fails to identify facts in his amended complaint or the objections that support a claim for relief.  Without such basic allegations, the Court is unable to find Plaintiff states a cognizable claim.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the finding that Plaintiff fails to state a cognizable claim is supported by the record and proper analysis.  However, it is unclear whether leave to amend would be futile, or whether Plaintiff may allege additional facts sufficient to support a claim for retaliation.  *See Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir. 1995) ("[u]nless it is absolutely clear that no amendment can cure the defect … a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action").  For this reason, the Court will grant Plaintiff **one final opportunity** to amend and allege facts sufficient to support a claim against Defendant.

Plaintiff is advised that an amended complaint supersedes any previously filed complaint.  *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th

Cir. 1987).  Thus, once the second amended complaint is filed, the other pleadings no longer serve any function in the case.  Local Rule 220 requires and amended complaint be "complete in itself without reference to the prior or superseded pleading."  The Court will not again refer to Plaintiff's initial complaint—or the amended complaint—to determine the nature of his claim(s) against Defendant.  The second amended complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff **SHALL** clearly allege any facts surround his termination or the alleged retaliatory act(s) of Defendant, including what happened, when it happened, or who was involved.  Failure to do so will result in the Court finding he is unable to support any claim against Defendant.

1. The Findings and Recommendations dated December 4, 2024 (Doc. 41) are **ADOPTED** in part.
2. Defendant's motion to dismiss (Doc. 22) is **GRANTED**, with leave to amend.
3. Plaintiff **SHALL** file a second amended complaint within 30 days of the date of service of this order.

**Failure to file a second amended complaint within the specified timeframe will result in the action being dismissed without prejudice for failure to prosecute and failure to comply with the Court's order.**

IT IS SO ORDERED.

Dated: **January 7, 2025**

UNITED STATES DISTRICT JUDGE